**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4272**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

LARRY LAVONNE BERRY,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:08-cr-00247-FL-1)

Submitted:  September 12, 2011      Decided:  September 21, 2011

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Jason R. Harris, WELCH & HARRIS, LLP, Jacksonville, North Carolina, for Appellant.  Edward D. Gray, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Berry pled guilty pursuant to a plea agreement to armed bank robbery and aiding and abetting, in violation of 18 U.S.C.A. §§ 2, 2113 (West 2000 & Supp. 2011); using a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C.A. §§ 2, 924(c)(1)(A) (West 2000 & Supp. 2011); interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951 (2006); and being a felon in possession of a firearm, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2011), and was sentenced to 302 months in prison. Counsel has filed an appeal pursuant to Anders v. California, 386 U.S. 738 (1967).

In the Anders brief, counsel concedes that the appellate waiver contained in Berry's plea agreement precludes his appeal as to his sentence, but nonetheless suggests that the district court erred when it calculated Berry's Guidelines ranges. Berry has filed a pro se supplemental brief, as well as a supplement to his pro se supplemental brief, in which he challenges the district court's decision to sentence him as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2011). The Government moves to dismiss the appeal as to Berry's sentence based on the appellate waiver in Berry's plea agreement. We affirm in part and dismiss in part.

2

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that Berry voluntarily and knowingly waived his right to appeal his sentence. Thus, we conclude that the waiver is valid and enforceable.

However, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). Moreover, the appellate waiver in Berry's plea agreement did not waive: (1) any challenges he may have if his sentence were above the Guidelines range calculated at sentencing; (2) certain ineffective assistance of counsel or prosecutorial misconduct claims; or (3) any claims Berry may have pertaining to his conviction. Berry's sentence is within

3

the Guidelines ranges calculated at sentencing and he raises no claims that fall outside the scope of his appellate waiver.

Thus, we grant the Government's motion to dismiss the appeal as to Berry's sentence. Although we are charged under Anders with reviewing the record for unwaived error, we have reviewed the record in this case and have found no unwaived and meritorious issues for appeal. We therefore dismiss the appeal in part and affirm in part. This court requires that counsel inform Berry, in writing, of his right to petition the Supreme Court of the United States for further review. If Berry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Berry. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART