**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4027**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY LAVONNE BERRY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:08-cr-00247-FL-1)

_____

Submitted: September 27, 2017                    Decided: October 4, 2017

_____

Before WILKINSON, KING, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Acting Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2008, Larry Levonne Berry pled guilty, pursuant to a plea agreement, to bank robbery with a dangerous weapon and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(d) (2006); using and carrying a firearm during an armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c) (2006); Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (2006); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (felon in possession conviction), and he was sentenced to 302 months in prison. On appeal, we determined that Berry knowingly and voluntarily waived his right to appeal his sentence, and because neither counsel nor Berry raised any issues outside the scope of the appellate waiver in Berry's plea agreement, we enforced the waiver and granted the Government's motion to dismiss as to Berry's within-Guidelines sentence. We nonetheless affirmed the criminal judgment, in part, because, after conducting an *Anders**\** review, we discerned no unwaived meritorious grounds for appeal. *See United States v. Berry*, 446 F. App'x 661, 662 (4th Cir. 2011) (No. 11-4272). Berry's 28 U.S.C. § 2255 (2012) motion was denied by the district court, and we denied a certificate of appealability and dismissed Berry's appeal. *See United States v. Berry*, 598 F. App'x 205 (4th Cir. 2015) (No. 14-7636).

The Supreme Court later vacated this court's judgment dismissing Berry's habeas motion, and remanded the case for further consideration in light of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), *see Berry v. United States*, 136 S. Ct. 417

---

\* *Anders v. California*, 386 U.S. 738 (1967).

2

(2015), and we remanded the matter to the district court. On remand, the district court appointed Berry counsel and granted Berry's § 2255 motion after determining that, under *Johnson*, Berry was no longer an armed career criminal for purposes of his felon in possession conviction. The district court resentenced Berry to 258 months in prison, with credit for time served.

Berry again appeals to this court, asking that we vacate his guilty plea. As support for his request, Berry asserts that he recently discovered that his girlfriend at the time he pled guilty was having an affair with an agent involved in the criminal investigation against him. Thus, Berry asserts that his guilty plea was unknowing because, had he known of the romantic relationship, he would have proceeded to trial and tried to impeach his girlfriend's testimony against him as biased. We decline Berry's request to vacate his guilty plea.

The parties concede that because Berry did not raise this claim in the district court, we need only review Berry's assignment of error for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *see also United States v. Martinez*, 277 F.3d 517, 524 (4th Cir. 2002) (holding that "[b]ecause [defendant] did not seek to withdraw his guilty plea in the district court, we review his alleged [Fed. R. Crim. P.] 11 errors under the standard applicable to forfeited error, i.e., assertions of error raised for the first time on appeal"). To establish plain error, Berry must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *See Olano*, 507 U.S. at 732; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (holding that in the guilty plea context, an error affects substantial rights if there is

3

"a reasonable probability that, but for the error, [the defendant] would not have entered the plea"). Even if Berry makes this showing, correction of the error remains within our discretion, which "should not [be] exercise[d] . . . unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotation marks and brackets omitted).

Berry correctly asserts that a criminal defendant has a right to withdraw a guilty plea if he can establish a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant seeking to withdraw his guilty plea bears the burden of demonstrating that withdrawal should be granted, however. *See United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). In deciding whether to permit withdrawal, the parties concede that this court should consider whether: (1) Berry has offered credible evidence that his plea was unknowing or involuntary; (2) Berry has credibly asserted his legal innocence; (3) there has been a delay between entry of Berry's guilty plea and his request to withdraw; (4) Berry has had the close assistance of competent counsel; (5) withdrawal will cause prejudice to the Government; and (6) withdrawal will inconvenience the court and waste judicial resources. *See id.* Berry concedes that the fifth and sixth *Moore* factors weigh in the Government's favor, but argues that the remaining factors weigh in favor of allowing him to withdraw his guilty plea.

After reviewing the record and considering the parties' arguments, we conclude that Berry has not established a "fair and just reason" for requesting to withdraw his guilty plea. Rather, we find that every *Moore* factor weighs against allowing Berry to withdraw his guilty plea and, thus, Berry's summary and unsworn assertion of newly

4

discovered evidence is insufficient to require this court to vacate Berry's guilty plea. Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*